IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE A. MORMILE,<br><br>      Plaintiff,<br><br>v.<br><br>ACCURATE DIAGNOSTIC LABS, INC., RUPEN PATEL, Individually and as Owner, Member, Shareholder Agent, and/or Chief Executive Officer of ACCURATE DIAGNOSTIC LABS, INC., JOHN NORTON, Individually and as Vice President of Sales of ACCURATE DIAGNOSTIC LABS, INC., and NICK MELCHIORRE, Individually and as Vice President and/or General Manager of ACCURATE DIAGNOSTIC LABS, INC.<br><br>      Defendants. | Docket No.: 1:19-cv-8450<br><br>Civil Action<br><br>**NOTICE OF REMOVAL**<br>(*Diversity Jurisdiction*) |

TO: Ruby J. Krajick, Clerk of Court
   United States District Court for the Southern District of New York
   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street New York, New York 10007

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with a full reservation of any and all rights, claims, objections and defenses, defendants, Accurate Diagnostic Labs, Inc., Rupen Patel, John Norton, and Nick Melchiorre (collectively, "Defendants") hereby remove this action from the Supreme Court of the State of New York, County of Rockland (the "State Court"), to the United States District Court for the Southern District of New York. As their reasons for removal, Defendants say as follows:

## THE REMOVED CASE

1. On July 24, 2019, plaintiff, Jacqueline A. Mormile ("Plaintiff"), commenced a civil action in the Supreme Court of the State of New York, County of Rockland, captioned *Jacqueline*

*A. Mormile v. Accurate Diagnostic Labs, Inc., Rupen Patel, Individually and as Owner, Member, Shareholder Agent, and/or Chief Executive Officer of Accurate Diagnostic Labs, Inc., John Norton, Individually and as Vice President of Sales of Accurate Diagnostic Labs, Inc., Nick Melchiorre, Individually and as Vice President and/or General Manager of Accurate Diagnostic Labs, Inc. and, John Does 1-5,* bearing Index No. 34070/2019 ("State Court Action"), by way of the filing of a Summons With Notice.

2.  On August 20, 2019, Plaintiff filed a Verified Complaint in the State Court Action (the "Verified Complaint").

3.  On September 4, 2019, Plaintiff filed an Amended Verified Complaint in the State Court Action (the "Amended Verified Complaint").

4.  As required by 28 U.S.C. § 1446(a), true and complete copies of all process, pleadings, orders, and other papers and exhibits filed in the State Court Action, as of the date of this Notice of Removal, are attached hereto as Exhibit A.[1]

5.  Defendants were served with Plaintiff's Summons with Notice in the State Court Action on August 12, 2019, and received the Verified Complaint on August 21, 2019. Because this Notice of Removal is being filed on September 11, 2019 — well within thirty days of Defendants' first receipt of a copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based — this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

---

[1] Although the Verified Complaint alleges that Plaintiff had attached certain exhibits, *see* Verified Complaint at paragraphs 11 and 17, no such exhibits were, in fact, attached.

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the named defendants, all of whom are represented by Mandelbaum Salsburg, P.C., join in and consent to the removal of the State Court Action to this Court.

7. As the State Court Action was initiated in Rockland County, New York, this Court is the appropriate venue for removal of the State Court Action because the Southern District of New York "embrac[es] the place where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

8. As explained below, the State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441 because: (1) this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a), which provides, in relevant part, that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States;" and (2) the forum defendant rule does not preclude removal since none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" 28 U.S.C. § 1441(b)(2).

9. According to the Amended Verified Complaint, Plaintiff Jacqueline A. Mormile is a citizen of the State of New York who resides at 10 Camelot Way, Orangeburg, New York, 10962.

10. Defendant Accurate Diagnostic Labs Inc., is a citizen of the State of New Jersey, where it is incorporated and maintains its principal place of business located at 3000 Hadley Road, South Plainfield, New Jersey 07080.

11. Defendant Rupen Patel is a citizen of the State of New Jersey, who resides at 28 Ambrose Valley Lane, Piscataway, NJ, 08854.

12.     Defendant John Norton is a citizen of the State of Connecticut, who resides at 201 Jacqueline Drive, Southbury, Connecticut, 06488.

13.     Defendant Nick Melchiorre is a citizen of the State of New Jersey, who resides at 10 Brown Terrace, Cranford, New Jersey, 07016.

14.     Although the Amended Verified Complaint in the State Court Action seeks to recover money damages in the amount of $74,000[2], the amount in controversy requirement is nevertheless satisfied. When, like here, removal of a civil action is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded(.)" 28 U.S.C. § 1446(c)(2)(A)(ii). Because, among other reasons, the New York Civil Practice Law and Rules ("CPLR") empower the State Court to "grant any type of relief within its jurisdiction appropriate to the proof *whether or not demanded*," *see* CPLR § 3017 (emphasis added), Defendants have properly asserted the amount of controversy requirement in this Notice of Removal.

---

[2] We would be remiss not to note that Plaintiff's demand for relief for the very precise sum of $74,000 — just $1,000 shy of the $75,000 amount in controversy requirement established by 28 U.S.C. § 1332(a) — rings hollow.  Indeed, the Eighth Count of the Amended Verified Complaint alleges that Plaintiff is entitled to treble damages for alleged violations of the New Jersey Independent Sales Representative Act, and the Ninth Count of the Amended Verified Complaint seeks "punitive damages in the amount of five times the amounts due" for alleged violations of the New Jersey Labor Law.  Considering, among other reasons, that Plaintiff's first filing in this case, the Summons with Notice, also demanded $74,000, but did not allege violations of the New Jersey Independent Sales Representative Act and the New Jersey Labor Law seeking the additional damages allegedly recoverable thereunder, the Court should reach only one conclusion: Plaintiff's demand of $74,000 was made in bad faith, in a transparent attempt to avoid removal of the State Court Action to this Court.

15. As established above, this matter is a civil action between citizens of different States, and the amount in controversy requirement is satisfied. Accordingly, this Court possesses original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a). Moreover, since none of the "parties in interest properly joined and served as defendants" is a citizen of New York, removal is not foreclosed by 28 U.S.C. §1441(b)(2).  Therefore, Defendants may remove the State Court Action to this Court, the federal district court for the district embracing Rockland County, New York — the place where the State Court Action is pending — pursuant to 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide the Plaintiff with written notice of this Notice of Removal promptly after the filing of this Notice, and a copy of this Notice of Removal will be filed concurrently with the State Court.

**WHEREFORE,** Defendants hereby remove the State Court Action from the Supreme Court of the State of New York to this Court, and respectfully request that this Court assume full jurisdiction over this case as provided by applicable law.

    Respectfully Submitted,

    **MANDELBAUM SALSBURG, P.C.**
    Attorneys for Defendants

By: _____
    Christopher G. Salloum, Esq.
    *Pro Hac Vice* admission pending
    3 Becker Farm Road, Suite 105
    Roseland, NJ, 07068
    Tel. (973) 607-1267
    csalloum@lawfirm.ms

Dated: September 11, 2019

## **CERTIFICATE OF SERVICE**

I, Christopher G. Salloum, hereby certify that on September 11, 2019, I caused a copy of the foregoing Notice of Removal to be served upon the counsel of record for Jacqueline A. Mormile, named below, by CM/ECF and electronic mail:

> Mary Marzolla, Esq.
> Donald Feerick, Esq.
> Feerick Nugent MacCartney PLLC
> Attorneys for Plaintiff
> Office and Post Office Address
> 96 South Broadway
> South Nyack, New York, 10960
> (843) 353-2000

_____
Christopher G. Salloum

Dated: September 11, 2019