UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACQUELINE A. MORMILE,

                Plaintiff,                              19-cv-08450-LTS

      -against-                                       **DECLARATION**

ACCURATE DIAGNOSTIC LABS, INC., RUPEN
PATEL, Individually and as Owner, Member, Shareholder
Agent, and/or Chief Executive Officer of ACCURATE
DIAGNOSTIC LABS, INC., JOHN NORTON,
Individually and as Vice President of Sales of
ACCURATE DIAGNOSTIC LABS, INC., NICK
MELCHIORRE, Individually and as Vice President
and/or General Manager of ACCURATE
DIAGNOSTIC LABS, INC. and, JOHN DOES 1-5,

                Defendants.
-------------------------------------------------------------------X

        **DONALD J. FEERICK, JR.**, makes this Declaration pursuant to 28 U.S. Code § 1746, and under the penalty of perjury:

        1.     Your deponent is an attorney at law duly licensed to practice before the United States District Court for the Southern District of New York.

        2.     Your deponent is a member of the firm of Feerick Nugent MacCartney PLLC, attorneys of record for Plaintiff Jacqueline A. Mormile ( referred to as "Plaintiff") in the above entitled action and, as such, I am fully familiar with all facts and circumstances heretofore had herein.

        3.     I respectfully submit this declaration to request that the Court defer consideration of Defendant's counsel's *pro hac vice* application until such time as Defendant's counsel responds to Plaintiff's pending good faith letter demand pertaining to the legitimacy or illegitimacy of the timeliness and basis of Defendant's removal of this action to federal court.

4.      As detailed in the Defendant's Notice of Removal, the instant case was commenced in state court for recover unpaid compensation. The case was commenced more than 30 days prior to the date of removal, by the filing of a summons with notice that detailed the claim was for $74,000, inclusive of attorneys' fees. A copy of the summons with notice is annexed hereto as Exhibit "A". The subsequent pleadings, i.e., the Complaint and Amended Complaint, each asserted the claim was for $74,000, inclusive of attorneys' fees, and did nothing to suggest that the amount in controversy satisfied the requirements for diversity jurisdiction. Copies of the subsequent pleadings are attached to Defendant's Notice of Removal.

5.      Upon receipt of Defendant's Notice of Removal, which appeared both untimely and without basis, Plaintiff demanded a good faith explanation of the basis upon which federal court jurisdiction was invoked and we are awaiting a response. A copy of Plaintiff's good faith letter demand is annexed hereto as Exhibit "B".

6.      Accordingly, since the decision to admit an attorney to practice *pro hac vice* rests with the discretion of the Court, we respectfully request that the Court permit us the opportunity to review Defendant's counsel's response before we are compelled to take a position on the pending motion. Spanos v. Skouras Theatres Corp, 364 F.2d 161 (2d Cir. 1966).

7.      Should Defendant's counsel provide a good faith basis for removal and provide us a reasonable assurance that he is familiar with the Federal Rules of Civil Procedure, the Local Rules, and Your Honor's Individual Rules of Practice over the matter, we may take no position on the motion. Alternatively, if it is revealed that Defendant's counsel has no good faith basis for removal and might not be conducting himself professionally or ethically if he is using this tactic for dilatory purposes or to hoist additional legal fees on Plaintiffs, we will present

opposition. We respectfully request the opportunity to make an informed decision on the motion by awaiting Defendant's counsel response.

8. No prior application for this relief has previously been submitted here or anywhere else.

9. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, your Declarant respectfully requests that the Motion for Defendant's counsel's *Pro Hac Vice* admission be deferred until a response to Plaintiff's good faith demand letter is supplied, together with such other and further relief as this Court is just and proper.

Dated: South Nyack, New York
September 13, 2019

/s/ *Donald J. Feerick, Jr.*
**DONALD J. FEERICK, JR. (df 3299)**

To: All Counsel (*via* ECF)