
EXHIBIT "B"

# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

September 12, 2019

*Via email: csalloum@lawfirm.ms*

Christopher G. Salloum, Esq.
Mandelbaum Salsburg P.C.
3 Becker Farm Road, Suite 105
Roseland, NJ 07068

Re: Mormile v. Accurate et. al
Rockland County Index No 34070/2019

Dear Mr. Salloum:

We respectfully write to request that you provide a good faith basis for the notice of removal that you filed in the above-captioned action.

We make this request because the initial pleadings on their faces do not meet the requirements for diversity jurisdiction, as less than $74,000 is sought and federal courts interpret the removal statute narrowly to permit a plaintiff to choose her preferred forum, including state court. In this regard, we trust that there is no dispute that diversity jurisdiction exists in the federal courts when there is both complete diversity of citizenship among the parties and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a). We also trust that you are aware that, when removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" Id.; see also § 1446(c)(2). These principles are well established.

Because you have sought removal to federal court and deprived our client of her chosen forum, we call upon you to show, in good faith, why you believe the amount in controversy is satisfied. In your notice of removal you do, in fact, ignore the plain language of the initial pleadings to assert the amount in controversy is satisfied. See Notice of Removal at ¶ 14. You ignore the plain language demand for $74,000, a specific inclusive sum, to assert that State practice "permits damages in excess of the amount demanded." Id. No legal authority is supplied. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (removing party must prove "to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."). As such, we call upon

you to explain your position.

Before doing so, we remind you that the Second Circuit has held that a summons with notice is sufficient to constitute an initial pleading for removal purposes where it provides information from which a defendant can intelligently ascertain removability. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001). Here, you represent all of the defendants and the summons with notice provided the requisite information, including specifying that the amount in controversy was "for the sum of $74,000 inclusive of attorneys' fees." Accordingly, it cannot be disputed that you had the requisite information to ascertain the basis for removability. Id.; see also Savino v. Gowing, 2003 U.S. Dist. LEXIS 12602, 2003 WL 21730177 (W.D.N.Y. 2003). You will recall that, on August 14, 2019, before the Complaint was filed (or the Amended Complaint for that matter), we spoke and you told me that you were intent on removing this case to federal court and I cautioned you not to do so because the demand was for less than the threshold amount for federal court jurisdiction.

We also remind you that settlement discussions in the action have involved offers by your clients to settle the case and controversy for $15,000, then $25,000, and most recently $30,000, so we do not see the support for your contention that the amount in controversy in greater than $75,000. See, Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 202 (D.Conn. 2004) (Rule 408 does prevent the Court from considering settlement offers "for the limited purpose of determining the amount in controversy when the pleadings themselves are inconclusive of that subject."); see also Reed v. AlliedBarton Sec. Servc., LLC, 583 F.Supp.2d 92, 94 (D.D.C. 2008) (same). You personally participated in these discussions and received a partially signed settlement agreement from our client, calling for payment of $30,000, *hours* before you filed the notice of removal and after you rejected the language of the release tendered.

Should you provide a sound, good faith basis for your position, our client may gladly accept the benefits of your analysis and opt not to contest your assertion and revise the addendum clause upward. However, should you fail to provide a sound, good faith basis for ignoring the plain language of the monetary demand set forth in the initial pleadings, or should you provide a false rendering, we reserve the right to move to remand and seek sanctions for any bad faith, dilatory, baseless conduct involving in removing the action.

We look forward to your prompt response.

Very truly yours,

Donald J. Feerick, Jr.

DJF/mw
Cc: Mary E. Marzolla, Esq.
     Mohamed H. Nabulsi, Esq.
     Derek Prevete, Esq.