

Christopher G. Salloum
Associate

direct:  973-607-1267
csalloum@lawfirm.ms

September 16, 2019

**VIA E-COURTS**

The Honorable Laura Taylor Swain, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Courtroom 17C
New York, New York 10007-1312

      RE:   *Mormile v. Accurate Diagnostic Labs, Inc. et al.*
              Docket No. 19-cv-08450-LTS

Dear Judge Swain:

    We represent defendants, Accurate Diagnostic Labs, Inc., Rupen Patel, John Norton, and Nick Melchiorre (collectively, "Defendants") in the above-referenced matter.

    We are writing to respond to Plaintiff's counsel's September 13, 2019 declaration (the "Declaration") purporting to request that the Court "defer consideration" of the undersigned's pending *pro hac vice* application (the "PHV Application"). Feerick Decl., at ¶ 3. In support of this unorthodox request, Plaintiff declines to raise substantive challenges to the merits of the PHV Application. Instead, Plaintiff's counsel says that the Court must wait until the undersigned responds to a "good faith letter demand" Plaintiff's counsel sent on September 12, 2019 (the "Letter"). *See id.*, at ¶¶ 3 and 6.

    As explained below, the Declaration is a procedurally improper — and intellectually dishonest — distraction, purposefully designed to avert the Court's attention from the "short and plain statement of the grounds for removal," 28 U.S.C.

The Hon. Laura Taylor Swain, U.S.D.J.
September 16, 2019
Page 2



§ 1446(a), that Defendants articulated, in good faith and grounded in law, in their September 11, 2019 Notice of Removal. For this reason alone, the Court should reject the Declaration in its entirety.

The Declaration's predicate driving force is Plaintiff's Counsel's professed belief that the Court cannot decide the PHV Application until Plaintiff's counsel receives a written explanation from the undersigned "pertaining to the legitimacy or illegitimacy of the timeliness and basis" of Defendants' removal of this matter to this Court. Feerick Decl., at ¶ 3. Notwithstanding that Defendants' Notice of Removal sets forth the clear and incontrovertible bases for removability, Plaintiff's counsel nonetheless claims that, absent such a written explanation, he is unable to take a position on the PHV Application, lest he be left without a "reasonable assurance that [the undersigned] is familiar with the Federal Rules of Civil Procedure, the Local Rules, and Your Honor's Individual Rules of Practice[.]" *Id.*, at ¶ 7. Plaintiff's counsel does not cite to supporting authority and does not otherwise explain why the Court should defer consideration of the PHV Application until the undersigned provides him with the "reasonable assurance" he purports to require.

The Declaration's claims are as disingenuous as they are baseless. In truth, Plaintiff's counsel's request for a written explanation arises from his belief that Defendants' Notice of Removal "appear[s] both untimely and without basis." *Id.*, at ¶ 5. The Declaration does not elaborate further on this assertion. Instead, Plaintiff's counsel appends a Letter that tries, but fails, to argue that removal was improper on the basis that the Notice of Removal was untimely filed and does not establish the requisite amount in controversy necessary to invoke this Court's original jurisdiction.

In so doing, Plaintiff's counsel deceptively omits dispositive portions of the removal statute, and, perhaps even more egregiously, wholly ignores that — as Defendants already noted in paragraph 14 and footnote 2 of their Notice of Removal — Plaintiff's Verified Complaint and Amended Verified Complaint allege two additional causes of action, not raised in Plaintiff's first filing in this matter, that specifically and respectively seek "punitive damages in the amount of five times the amount due" and "treble damages."

In the Letter, Plaintiff's counsel asserts that the Notice of Removal "ignores the plain language demand for $74,000." That is false. The Notice of Removal expressly acknowledges that "the Amended Verified Complaint in the State Court Action seeks to recover money damages in the amount of $74,000," but states that the

The Hon. Laura Taylor Swain, U.S.D.J.
September 16, 2019
Page 3



"amount in controversy requirement is nevertheless satisfied" and proceeds to explain why. *See* Notice of Removal, at ¶ 14.

In his argument to the contrary, the second paragraph of Plaintiff's counsel's Letter attempts to rewrite the law by selectively quoting the removal statute to misrepresent that the same provides *only* that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" **That claim constitutes an astonishing act of deception that the Court should not countenance** because the Letter purposefully omits dispositive statutory language that immediately follows that which Plaintiff's counsel quotes in the Letter. Indeed, the law contains two express exceptions to the general rule that the sum demanded in the initial pleading "shall be deemed the amount in controversy," specifically providing, in pertinent part, that "**the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . *permits recovery of damages in excess of the amount demanded.*"** 28 U.S.C. § 1446(2)(A)(ii) (emphasis added).

Contrary to the Letter's claim that "no legal authority is supplied" to support the proposition that, here, New York practice permits the recovery of damages in excess of the amount demanded by Plaintiff, Defendants' Notice of Removal, in fact, explicitly cites to the New York Civil Practice and Rules ("CPLR") for the proposition that New York courts are empowered to "grant any type of relief within [their] jurisdiction appropriate to the proof *whether or not demanded*." CPLR § 3017 (emphasis added). Accordingly, the Notice of Removal's assertion that the amount in controversy requirement is satisfied is correct, and is grounded appropriately in the express language of the removal statute and the CPLR. *Cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). **Plaintiff's counsel's contrary claims willfully misrepresent the law and the clear contents of Defendants' Notice of Removal.** For these reasons, too, the Court should reject the Declaration.

The Declaration's deficiencies do not end there. In paragraph 4 of the Declaration, Plaintiff's counsel states that the commencing document in this case, a Summons with Notice, "detailed the claim was for $74,000, inclusive of attorneys' fees" — just $1,000 shy of the $75,000 amount in controversy requirement established by 28 U.S.C. § 1332(a). Feerick Decl., at ¶ 4. In the very next sentence of his Declaration, Plaintiff's counsel asserts, in absolute terms, that Plaintiff's subsequent

The Hon. Laura Taylor Swain, U.S.D.J.
September 16, 2019
Page 4



pleadings "***did nothing*** to suggest that the amount in controversy satisfied the requirements for diversity jurisdiction." Feerick Decl. at ¶ 4 (emphasis added). That is a bald-faced distortion. As Plaintiff's counsel surely knows, and as Defendants' Notice of Removal clearly explains, Plaintiff's Verified Complaint and Amended Verified Complaint raise two additional causes of action for alleged violations of the New Jersey Labor Law (the "Labor Law") and the New Jersey Independent Sales Representative Act ("ISRA"), which Plaintiff did not allege in the Summons with Notice. In so doing, ***Plaintiff's subsequent pleadings expressly demand additional relief beyond the $74,000 demanded in the Summons with Notice.***

Specifically, as alleged in the Amended Verified Complaint, Plaintiff demands judgment against Defendants for the additional amounts of "treble damages of the amounts due" with respect to the alleged ISRA cause of action, as well as "punitive damages in the amount of five times the amounts due" with respect to the alleged Labor Law cause of action. Insofar, therefore, as the Summons with Notice does not assert a removable case, the removability of this case became clear by Plaintiff's filing of a Verified Complaint and an Amended Verified Complaint seeking quintuple punitive damages and treble damages, respectively. *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied.").

Since Plaintiff's counsel does not elaborate on his wrong claim that the Notice of Removal is untimely, Defendants need not respond here and will respond to the same if Plaintiff files an appropriate Motion to Remand. By this letter, however, we remind Plaintiff's counsel that the Supreme Court of the United States has ruled that "based on the history and text of section 1446(b), and the historic function of service of process as the official trigger for responsive action by a defendant, **the commencement of the removal period could only be triggered by formal service of process**[.]" *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 349-356 (1999)) (emphasis added). Insofar as the Court construes the Summons with Notice to be the "initial pleading" within the meaning of 28 U.S.C. § 1446(b)(1) (which we do not believe that it necessarily is) the commencement of the removal period was trigged on the date of service of the same: August 12, 2019. Because the Notice of Removal was filed on September 11, 2019, within thirty days from the date of service of the Summons, the Notice of Removal is, therefore, timely.

The Hon. Laura Taylor Swain, U.S.D.J.
September 16, 2019
Page 5



In sum, Plaintiff's counsel's filing of the Declaration is baffling. It is unclear what Plaintiff's counsel hoped to achieve other than (1) argue, surreptitiously and insincerely, that removal was improper by misrepresenting the relevant facts and law and without the submission of an appropriate application to the Court; (2) insinuate (without explanation) that the undersigned has conducted himself in an unprofessional or unethical manner; and (3) introduce, improperly, evidence of settlement discussions into the record of this case.

For all the foregoing reasons, the Court should reject the Declaration in its entirety. Indeed, in light of Plaintiff's counsel's conduct vis-à-vis the blatant misrepresentations contained in the Declaration, as noted herein, we respectfully submit that, if there were ever a time for the Court to exercise its *sua sponte* discretion under Fed. R. Civ. P. 11(c)(3) to order an attorney to show cause why his conduct (here, Plaintiff's counsel's filing of the Declaration) does not violate Rule 11(b), it is now.

We thank the Court for its attention to this correspondence. Should the Court require any additional information, we will endeavor to provide it.

Respectfully submitted,

**MANDELBAUM SALSBURG, P.C.**

By: _____
Christopher G. Salloum
*Pro hac vice* admission pending