UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JACQUELINE A. MORMILE,

                Plaintiff,                           19-cv-08450-LTS

      -against-                               **DECLARATION**

ACCURATE DIAGNOSTICE LABS, INC., RUPEN
PATEL, Individually and as Owner, Member, Shareholder,
Agent, and/or Chief Executive Officer of ACCURATE
DIAGNOSTIC LABS, INC., JOHN NORTON,
Individually and as Vice President of Sales of
ACCURATE DIAGNOSTICS LABS, INC., NICK
MELCHIORRE, Individually and as Vice President
And/or General Manager of ACCURATE
DIAGNOSTICS LABS, INC. and, JOHN DOES 1-5,

                Defendants
-------------------------------------------------------------X

      MARY E. BRADY MARZOLLA makes this Declaration pursuant to 28 U.S. Code § 1746, and under the penalty of perjury:

      1.     Your declarant is an attorney at law duly licensed to practice before the United States District Court for the Southern District of New York.

      2.     Your declarant is a member of the firm of Feerick Lynch MacCartney & Nugent PLLC, attorneys for the Plaintiff and, as such, is fully familiar with all facts and circumstances heretofore had herein.

      3.     Annexed hereto as Exhibit "A" is a true and correct copy of an email dated September 11, 2019 at 11:55 a.m. authorized by your declarant and directed to Defendants' counsel and attaching a signed settlement agreement in the sum of $30,000, which is the sum Defendants agreed to settle the case in a telephone call the day prior. This email, while not

admissible under Fed. R. Evid. 408, is offered for the limited reason and pursuant to the authority set forth in the accompanying Memorandum of Law.

4. I am advised that just hours after the foregoing email was sent confirming the $30,000 settlement with Defendants, Defendants filed a notice to remove the case on the grounds that the matter in controversy exceeded $75,000. I was surprised by the removal on the stated grounds because all prior conversations and communications with Defendants' counsel included valuations, offers and demands less than $75,000.

5. In this regard and in addition to the September 11, 2019 email exchange at Exhibit "A", we offer the following for the Court's consideration pursuant to the authority set forth in the accompanying Memorandum of Law:

   a. Annexed hereto as Exhibit "B" is a true and correct copy of an email dated September 9, 2019 at 10:04 a.m. from Defendants' counsel to your declarant offering settlement in the sum of $15,000; and,

   b. Annexed hereto as Exhibit "C" is a true and correct copy of an email dated March 6, 2019 at 12:34 a.m. from Defendants' counsel to your declarant offering settlement in the sum of $25,000.

6. A proposed initial settlement of $25,000 was deemed acceptable to Plaintiff in March 2019 based upon estimated damages consisting of approximately $18,257 (consisting of Defendants' failure to pay Plaintiff approximately $3500/mo for four months work in customer relations capacity from November to February 2019[1]; failure to pay Plaintiff approximately $2,600 for January 2019 and $2057 for February 2019 work in billing capacity, and failure to pay Plaintiff $300 for automobile expenses for February 2019) plus attorneys' fees.

---

[1] As Plaintiff worked all but approximately 4 business days in February, Plaintiff decreased the estimate of damages for that month from $3,500 to $3,000.

7. However, after delay and additional legal work was necessitated by Defendants' counsel, a settlement of $30,000 was deemed acceptable to Plaintiff as of September 11, 2019.

8. The settlement has yet to be memorialized in writing and finalized by Defendants due to disputed non-monetary provisions concerning the language of the release insisted upon by Defendants' counsel.

9. Annexed hereto are true and correct copies of the remaining exhibits referred to in the accompanying Memorandum of Law:

    a. Plaintiff's Summons with Notice dated July 24, 2019 at Exhibit "D";

    b. Plaintiff's Complaint dated August 20, 2019 at Exhibit "E";

    c. Plaintiff's First Amended Complaint dated September 4, 2019 at Exhibit "F"; and,

    d. Defendants' Notice of Removal dated September 11, 2019 at Exhibit "G".

10. The Court is respectfully referred to the accompanying Memorandum of Law, which together with the annexed exhibits, support remand to State Court and an award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff's motion in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: South Nyack, New York
September 30, 2019

*[signature]*
MARY E. BRADY MARZOLLA
(MEBM – 1077)