# EXHIBIT "A"



Kelly Moresi <kellym@fnmlawfirm.co

---

## ⁄wd: Mormile VS. Accurate
message

---

ﬂadelyn Williams <madelynw@fnmlawfirm.com>                    Mon, Sep 30, 2019 at 3:0⁔
o: Kelly Moresi <kellym@fnmlawfirm.com>


**Madelyn Williams**
**Legal Assistant**
**Feerick Nugent MacCartney PLLC**
96 South Broadway
South Nyack, NY 10960
845.353.2000
845.353.2789 (fax)
madelynw@fnmlawfirm.com



PLEASE TAKE NOTICE: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any disseminat
distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

   ReplyReply allForward

---

---------- Forwarded message ---------
From: **Madelyn Williams** <madelynw@fnmlawfirm.com>
Date: Wed, Sep 11, 2019 at 11:55 AM
Subject: Mormile VS. Accurate
To: Christopher G. Salloum <csalloum@lawfirm.ms>
Cc: Mary Marzolla <mmarzolla@fnmlawfirm.com>, Donald Feerick <dfeerick@fnmlawfirm.com>


**ON BEHALF OF MARY E. MARZOLLA, ESQ.**

Dear Chris,

Following our conversation yesterday and my email following same, our client has signed the agreement and given us the Company Property to hold in escrow per our discussion.

In a show of our continued good faith to amicably resolving this matter now, annexed please find a copy of the agreement signed by Jackie. Upon receipt of your client's signed copy via email today, we will send the Stipulation of Discontinuance with prejudice for you by email to hold in escrow pending our receipt of the check within twenty-one (21) days per NYS CPLR.

Respectfully,
**Madelyn Williams**
**Legal Assistant**
**Feerick Nugent MacCartney PLLC**
96 South Broadway
South Nyack, NY 10960
845.353.2000
845.353.2789 (fax)
madelynw@fnmlawfirm.com



PLEASE TAKE NOTICE: This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any disseminat
distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

   ReplyReply allForward

---

📄 **scandoc138060.pdf**
   323K

<u>SEVERANCE AGREEMENT AND GENERAL RELEASE</u>

This Severance Agreement and General Release (the "Agreement") is made and entered into by Jackie Mormile, (hereinafter referred to as "Contractor") and Accurate Diagnostic Labs, in full and final settlement of any and all claims Contractor may have or hereafter claim to have against Accurate Diagnostic Labs, and all of Accurate Diagnostic Labs's past, present and future parents, subsidiaries and affiliated companies and each of such entities' respective officers, directors, agents, insurers and legal counsel (collectively referred to herein as, "Company").

1.      <u>Consideration for Agreement from Company and Release of Claims.</u>

1.1      In return for this Agreement and in full and final settlement, compromise, and release of all of Contractor's claims (as described in Section 2 below), Company agrees (a) to pay to Contractor as severance arising out of the August 1, 2009 agreement and January 30, 2011 addendum the sum of $30,000 payable; (b) to report the aforesaid payments on a Form 1099; (c) Company will not make or cause to be made any derogatory, negative or disparaging statements, either written or verbal, about Contractor; and (d) irrevocably and unconditionally releases and forever discharges Contractor from any and all claims, demands, causes of action, and liabilities of any nature, both past and present, known and unknown, resulting from any act or omission of any kind occurring on or before the date of execution of this Agreement which arise under all contracts between the parties or common law, or any federal, state or local law, regulation or ordinance.

1.2      Contractor hereby acknowledges the receipt and sufficiency of the aforementioned sum and consideration from Company and acknowledges that that same constitutes consideration to which Contractor was not previously entitled and, further, that such severance constitutes fair and adequate consideration for the execution of this Agreement.

2.      <u>Contractor's Release of Claims. Covenants. Return of Property. Stipulation of Discontinuance.</u>

2.1      Contractor hereby irrevocably and unconditionally releases and forever discharges Company from any and all claims, demands, causes of action, and liabilities of any nature, both past and

present, known and unknown, resulting from any act or omission of any kind occurring on or before the date of execution of this Agreement which arise under all contracts between the parties or common law, or any federal, state or local law, regulation or ordinance. Contractor understands and agrees that this Agreement includes, but is not limited to, the following:

     a.     All claims, demands, causes of action and liabilities for past or future loss of pay or benefits, expenses, damages for pain and suffering, punitive damages, compensatory damages, attorney's fees, interest, court costs, physical or mental injury, damage to reputation, and any other injury, loss, damage or expense or equitable remedy of any kind whatsoever;

     b.     All claims, demands, causes of action and liabilities arising out of or in any way connected with, directly or indirectly, Contractor's contract with Company or any incident thereof, including, without limitation, his or her treatment by Company or any other person, and the terms and conditions of his or her employment;

     c.     All claims, demands, causes of action and liabilities arising out of or in any way connected with, directly or indirectly, a claim for unpaid wages and/or commissions.

     d.     Any claim under state or federal law that provides civil remedies for the enforcement of rights arising out of the employment relationship, including, without limitation, Qui Tam and/or False Claims Act claims, discrimination claims, such as claims or causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq.; Civil Rights Act of 1866, 42 U.S.C. § 1981; Civil Rights Act of 1991, 42 U.S.C. § 1981a; Americans with Disabilities Act, 42 U.S.C. § 12101 et. Seq.; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et. seq.; Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.; Contractor Retirement Income Security Act, 29 U.S.C. § 1000 et. seq.; Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq.; Worker Adjustment, Retraining and Notification Act, 29 U.S.C. § 2101, et. seq.; or any other federal or state statute prohibiting discrimination in employment or granting rights to an Contractor arising out of an employment relationship;

e.     Claims for breach of contract, promissory estoppel, fraud, breach of any implied covenants, assault, battery, negligence, negligent hiring, negligent retention, defamation, invasion of privacy, slander, or intentional infliction of emotional distress; and,

f.     Any claim or right under any other federal or state law rule or regulation.

2.2     Contractor agrees not to (unless required by law or with the written consent of the Company) intentionally divulge any "Confidential Information" as identified, described and/or otherwise defined in the August 1, 2009 agreement.

2.3     Contractor agrees to return Company property consisting of a tablet, wi-fi attachment, and certain wires ("Company property"). Upon signing of this Agreement, Contractor shall provide to Contractor's legal counsel such Company property to hold in escrow until Contractor's legal counsel confirms with Company's legal counsel a mutually agreed upon method of return of such Company property to Company's legal counsel and/or Company (i.e,. via mail, personal delivery, etc).

2.4     Contractor agrees to, simultaneously provide with this signed release, a signed stipulation of discontinuance with prejudice to be held in escrow by Company's legal counsel until Company's payments referred to in paragraph 1.1. above have been made in full and have cleared, at which time Company's legal counsel may file same with the Court.

2.5     Contractor does not waive rights or claims that arise following the execution of this Agreement related to a breach of this Agreement by the Company.

3.     Other Understandings, Agreements, and Representations.

3.1     Contractor agrees that this Agreement binds him or her and also binds his or her spouse, children, heirs, executors, administrators, assigns, agents, partners, successors in interest, and all other persons and entities in privity with him or her.

3.2     Contractor promises and represents that he or she will not disclose, disseminate, or publicize or cause or permit to be disclosed, disseminated, or publicized, any of the terms of this Agreement, except (1) to the extent necessary to report income to appropriate taxing authorities; (2) in

3

response to an order or subpoena of a court of competent jurisdiction; (3) in response to any subpoena issued by a state or federal governmental agency; or (4) to immediate family members.

3.3     Contractor promises and represents that he or she will not make or cause to be made any derogatory, negative or disparaging statements, either written or verbal, about Company.

3.4     Contractor agrees that, if any single section or clause of this Agreement should be found invalid or unenforceable, it shall be severed and the remaining sections and clauses enforced in accordance with the intent of this Agreement.

3.5     This Agreement contains the entire understanding between Contractor and Company and supersedes all prior agreements and understandings relating to the subject matter of this Agreement. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing by Contractor and an authorized representative of Company.

3.6     The laws of the state of New Jersey (without giving effect to its conflict of law principles) govern all matters arising out of or relating to this Agreement, including without limitation, its validity, interpretation, construction, performance and enforcement.

3.7     It is understood and agreed that this is a full and final release covering all known or unknown, undisclosed and unanticipated losses, wrongs, injuries, debts, claims or damages to you which may have arisen, or may arise from any act or omission prior to the date of execution of this letter agreement arising out of or related, directly or indirectly, to your employment, or separation from employment with Company, or to any personal or professional relationship between you and/or the Contractors, agents, representatives, parent companies, subsidiaries, predecessor companies and affiliates of Company during your employment with Company, as well as those alleged losses, wrongs, injuries, debts, claims or damages now known or disclosed which have arisen, or may arise as a result of any act or omission.

3.8    Contractor represents and certifies that he or she (1) has received a copy of this Agreement for review and study, has had 21 days from the date this Agreement is first presented in which to review and consider this Agreement, and further understands that while Contractor may choose to sign this Agreement before the expiration of twenty-one days, Contractor is not required to do so; (2) has read this Agreement carefully; (3) has been given a fair opportunity to discuss and negotiate the terms of this Agreement; (4) understands its provisions; (5) has been advised of and understands that he or she has the right to consult with an attorney; (6) has determined that it is in his or her best interest to enter into this Agreement; (7) has not be influenced to sign this Agreement by any statement or representation by Company not contained in this Agreement; (8) enters into this Agreement knowingly and voluntarily; and, (9) may revoke and cancel this Agreement in writing at any time within seven (7) days after execution of this Agreement by providing written notice of revocation via email to Company's legal counsel; that if Contractor does so revoke, this Agreement shall be null and void, and Contractor shall have no obligation to perform the undertakings provided in this Agreement; and, that this Agreement shall not become effective and enforceable until after the expiration of this seven (7) day revocation period, after such time, if there has been no revocation, the Agreement shall be fully effective and enforceable.

ACCEPTED AND AGREED:

Contractor:

By: _____
        Signature
Date:_____ 9/11/19

Accurate Diagnostic Labs

By: _____
        Signature
Name:
Title:

Date: September 9, 2019

5